In the Matter of the Application of KENNETH F. SIMPSON, Petitioner, for an Order against S. HOWARD COHEN and Others, etc., Respondents.

Supreme Court, Special Term, New York County, September 13, 1938.

*Gabriel L. Kaplan*, for the petitioner.

*William C. Chanler, Corporation Counsel*, for the respondents.

VALENTE, J. This is an application directing the board of elections to print the primary ballots for the various Assembly districts in New York county without voting circles at the head of any group which does not present a complete slate of candidates to be elected for party positions.

Section 108 of the Election Law provides a method by which a voter may vote for a group of candidates by merely making one cross-mark in a circle at the head of the group rather than by making a similar mark opposite the name of each individual candidate. That is certainly sufficiently plain, but the difficulty that presents itself here is that in an intra party contest, two groups, one containing a full slate to be elected to the position is headed by a circle, while the other containing less than a complete slate is likewise preceded by a circle. Obviously if the voter placed a cross in the latter circle while he would be voting for all those designated in the group, still he would not be voting a full slate. In order to complete his ticket if he so desired he would be obliged to make cross-marks in the voting spaces opposite the names of candidates contained in the other group or groups. This could hardly be called voting a straight ticket. In this connection the language of subdivision 6 of section 108 is very significant. There it is provided: "At the head of each such groups of candidates for any party position shall be printed a blank circle half an inch in diameter. Each such circle shall be surrounded by the following instructions,

plainly printed: ' For a *straight ticket*, mark within the circle.' " This brings us to a consideration of the meaning of the words " straight ticket." It is my belief that the Legislature by the use of those words meant that it should be a *complete* ticket. Thus a voter might avail himself of the simple expedient of voting a full ticket by placing his cross-marks in a circle at the head of the group. I cannot share the view that a voter is voting a straight ticket if by necessity he is compelled in making his selections to mark within the circle and then for the sake of completing the ticket resort to marking in the squares opposite the names of candidates in another group. The term " straight voting," so commonly and frequently used, carries a contrary implication. It is, therefore, my opinion that unless a full slate of candidates, or complete group, is presented, it may not be headed by a circle. Other related sections seem to support this interpretation.

It follows that the application is granted. Settle order on one day's notice.